## WOOD v. SANDFORD.

TITLE TO REAL ESTATE.—In 1839 *A* mortgaged a tract of land to secure debts. In 1844 judgment was rendered against him, and the land sold on execution issued thereon. The sheriff made a deed to the purchaser in 1847, and the purchaser conveyed to *B* the same day, who took possession. In 1846, the mortgage made in 1839 was foreclosed, the land sold, and *A* and another became purchasers. In 1853 the purchasers conveyed to *A*, in pursuance of a verbal agreement between him and the mortgagee, by which he was, upon payment of decree and costs, to have conveyance of the land. *A* sued *B* to recover the land.

*Held*, that if *A* relied upon any irregularity in the sale under execution, he was barred by the statute of limitations.

*Held*, also, that any right of action *A* may have had for the land was destroyed by the foreclosure of the mortgage.

*Held*, also, that the parol agreement between *A* and the mortgagee did not affect the rights of the parties.

APPEAL from the *Elkhart* Circuit Court.

HANNA, J.—This was a suit to recover possession of two certain tracts of land, commenced by the appellee on the 4th day of *June*, 1858. Answer, general denial; and, second, specially setting forth the title by which the defendant claimed. Reply, in denial of said second paragraph of the answer. Trial, finding, and judgment for the plaintiff below for one tract of the land, and for the defendant for the other. Each party moved for a new trial, which motions were overruled, and judgments. The defendant took a bill of exceptions, and appealed to this court. He filed a single reason for a new trial; namely, that the finding was not sustained by sufficient evidence, and was against law. The assignment of errors corresponds with the reason filed for a new trial.

The defendant, *Wood*, traced his title to plaintiff, and based it upon a judgment against said plaintiff of the *March* term, 1841, of the *Elkhart* Circuit Court; an execution issued *June* 3, 1844, and the return thereof of the sale of said property *August* 8, 1844; the sheriff's deed, *October* 20, 1847; the deed of the purchaser at sheriff's sale to defendant *October* 20, 1847.

*Wood* took possession of the tract of land awarded him by the court in this suit soon after he purchased it. The evidence is somewhat contradictory as to when he got possession of the other tracts, but tends to show that it was but a short time before this suit was instituted.

The plaintiff showed title to said lands in 1839, and that at that time he mortgaged the tract which he recovered below, with other lands, to secure debts; that said mortgage was foreclosed in 1846, and said tract, with others contained in said mortgage, sold, and the mortgagee, together with another person, became purchasers of said lands *October* 27, 1846; and that, *October* 29, 1853, said purchasers conveyed said lands to said plaintiffs. It was also shown by the testimony of said plaintiff that, by an agreement between him and said mortgagee, he was, if he should pay the debt and interest for which said mortgage was foreclosed, to be entitled to the conveyance which was afterward made, in pursuance to said agreement, in 1853.

Upon these facts the appellant insists:

*First*—That the plaintiff below, the appellee here, was barred of the action which he brought by the statute of limitations, viz:

" Sec. 211. The following actions shall be commenced, within the periods herein prescribed, after the cause of action has accrued, and not afterward." *Third*—For the recovery of real property, sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, within ten years after the sale." 2 G. & H. 158.

Appellant insists that the facts of this case bring it within this provision; that is, the said appellee was the execution defendant; the land was sold in 1844 on execution; the deed made in 1847; this suit commenced in 1858.

If the cause of action accrued to the plaintiff either at the date of sheriff's sale or at the time he executed a deed, there may be much force in the position assumed; but if the cause of action did not accrue until the land was

transferred to appellee by the deed of 1853, then the point is not, perhaps, well taken.

If the plaintiff bases his right to recover on supposed title remaining in him, because of irregularities in the legal proceedings resulting in the transfer to *Wood*, then it would seem that the statute quoted fixes the time at which his cause of action accrued, namely, at the date of the sale; and, therefore, any such supposed right of action would be barred.

As no abstract of title was filed or demanded, we are not, by that means, informed upon what he relied. He presented the mortgage, the proceedings under it in foreclosure, the deed to the purchasers, and from them to himself, as a part of the evidence. From this, perhaps, the just inference would be that he did not base his right to recover upon irregularities, if any such occurred, in the sale under the judgment and execution; but upon a supposed superior title derived through the mortgage sale, although he also gave in evidence his title papers previous to the mortgage. The sale upon execution was of his right to redeem, there being an outstanding mortgage. As neither he nor the purchaser of that right proceeded to discharge the mortgage, it was foreclosed. This left him without any claim of title upon which to base an action, supposing the proceedings on the mortgage to have been valid, and in good faith. It is pretty clear, then, that, as to the lands thus mortgaged and sold, and sought to be recovered now, the right to recover, if it exists, must be upon the strength of title derived through this mortgage sale, and not upon any vice in the title of the defendant derived through the sale on execution.

Admitting the statute of limitations commenced running in 1844, on the day of sale on execution, nevertheless, as any right of action against which it was running existed in the equitable right to redeem, and as that right was extinguished by the foreclosure, we suppose the statute, in the light we are now considering it, ceased to operate

for the want of any thing to operate upon, because of that decree of foreclosure and sale.

The next point urged is, that the facts detailed show that said appellee was not divested of his title by said proceedings and sale under said mortgage, or if he was, it was under such circumstances as made the re-transfer to him inure to the benefit of the purchaser at sheriff's sale, under the judgment at law, in view of the agreement between said mortgage debtor and the holder thereof, who was the purchaser under the mortgage sale.

Now, there are cases which establish the position, that if a man holds land by certain kinds of equitable title only, and suffers such liens upon it as will enable the officers of the law to dispose of it by judicial sale, and afterward acquires the legal title, that such title inures to the benefit of the purchaser at the judicial sale. *Landis* v. *Brandt*, 10 How. U. S. 348; *French* v. *Spencer*, 21 *Id*. 228; *Ross* v. *Barland*, 1 Pet. 655; *Doe* v. *Hearick*, 14 Ind. 247.

In this case, so far as the record of the proceedings on the mortgage shows, the right or interest which was held by *Sanford*, the mortgagor, and sold on the execution, was totally barred and extinguished by the decree of foreclosure and sale, etc., under it. But now comes in the defendant in that mortgage proceeding, and the plaintiff in this, and states that there was an understanding between the persons who were thus proceeding to bar his rights and sell his interest, and himself, that although they were apparently extinguishing that interest, yet he should still have said lands if he would redeem, that is, pay the amount of the decree, interest, costs, and expenses; and that he had paid upon said agreement a large sum of money, and obtained in consequence, the transfer of lands by the deed of 1853.

Without this agreement or understanding, we are of opinion the proceedings had been such as to leave no title in the purchaser under the execution, for after-acquired legal title to relate back to and rest upon. Resting, as we

infer from the evidence this agreement did, in parol, did it have the effect to change what would otherwise have been the rights of the parties?

We are of opinion it did not. Without stopping to discuss the question whether this is such a sale as would fall within the decisions quoted, where the acquisition of a legal title inures to the benefit of a purchaser, at a judicial sale, of something less than such title, it appears to us that the parol agreement of the mortgage debtor and creditor was not such as to keep alive the title acquired by the purchaser under the execution in the legal proceedings.

An attempt is made to present questions, upon cross errors assigned, as to the rulings and judgment for the appellant, in reference to the other pieces of land. Proper bills of exceptions were not taken by the appellee to save the points now urged. If the points were in a shape to be examined, it is manifest, from what has been already said, that the statute of limitations would prevent a recovery.

*Per Curiam.*—Judgment affirmed.

*R. Lowry*, for appellant.

*John H. Baker* and *J. B. Howe*, for appellee.